**IN THE COURT OF APPEALS OF IOWA**
No. 20-0146
Filed April 1, 2020

**IN THE INTEREST OF K.D.,**
**Minor Child,**

**K.J., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Cynthia S. Finley,

District Associate Judge.


        A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**



        Geneva L. Williams of Williams Law Office PLLC, Cedar Rapids, for

appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Kimberly Opatz of Linn County Advocate, Inc., Cedar Rapids, attorney and

guardian ad litem for minor child.



        Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to a child, born in 2018. She contends: (1) the State failed to prove the ground for termination cited by the district court; (2) termination was not in the child's best interests; (3) the district court should not have terminated her parental rights given the bond she shared with the child; and (4) she should have been afforded additional time to work toward reunification.

## I.  *Ground for Termination*

The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) (2019), which requires proof of several elements, including proof the child cannot be returned to parental custody. Our review of the record is de novo.

The mother abused alcohol while caring for two older children. The department of human services provided services to address her substance abuse. Eventually, the juvenile court terminated her parental rights to the two children.

The department intervened again following the birth of this child, based on a concern that the mother domestically abused the child's father. The department implemented a safety plan, under which the mother was to abstain from alcohol use and use of illegal substances, refrain from domestic abuse, and participate in various services.

When the child was seven weeks old, the State filed a child-in-need-of-assistance petition. The parents stipulated to the child's adjudication, and the district court adjudicated the child in need of assistance. The court ordered temporary custody to remain with the parents.

Shortly thereafter, police stopped a vehicle driven by the child's father. The mother and the child were passengers. The car smelled of marijuana, and the father tested well over the legal limit for alcohol. Police had difficulty waking the mother. The child was unrestrained in the safety seat.

The State applied to have the child temporarily removed from parental care. The district court granted the petition. The child subsequently tested positive for exposure to methamphetamine and the active ingredient in marijuana.

The mother exercised supervised visits with the child two days a week for two hours each time. Although the service provider who supervised the visits testified she was "pretty consistent" in attending visits and there were not "a lot of parenting concerns" during the visits, she stated, "I don't know that I could say 'yes'" to having the child placed in the mother's custody immediately.

The department employee overseeing the case seconded the opinion. She noted that the mother was not consistent "in substance-abuse treatment or drug testing." Specifically, the mother only "tested for the department thirty-one out of fifty times" and testing in the approximately three months preceding the termination hearing was "four out of fifteen."

We conclude the State proved the child could not be returned to the mother's custody, as required by Iowa Code section 232.116(1)(h). Despite years of reunification services over the life of the two child-in-need-of-assistance cases, the mother was not ready to care for the child independently.

## II. Best Interests

Termination must also be in the child's best interests. *See* Iowa Code § 232.116(2). On our de novo review, we agree with the district court that the

mother did not show "the level of change and attention to addressing the issues which brought [her] to the attention of the [department] sufficiently as to allow [the child] to be placed in [her] custody without remaining a child in need of assistance." We conclude termination was in the child's best interests.

### III. Exceptions to Termination

The district court may grant an exception to termination based on the parent-child bond. *See id.* § 232.116(3)(c). The service provider testified:

> I'm not a bonding expert, but from my years in the field and doing visits and working with families, I can say that there is a bond to the effect that [the child] kind of knows who [the mother] is because they see each other often, but I can't necessarily say there is a strong bond.

Because the child was removed from the mother's care as an infant, we conclude the bond between mother and child was not sufficient to override the mother's lack of progress toward reunification.

### IV. Additional Time

The mother seeks additional time to work toward reunification. The department caseworker recommended against this option. She testified "even if more time was offered," she could not say the mother "would be consistent with following through." We agree with this assessment.

We affirm the termination of the mother's parental rights to the child.

**AFFIRMED.**